IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| COREY TURNER,<br><br>　　　　　　Plaintiff,<br>v.<br><br>CEDAR MOUNTAIN SERVICE DISTRICT (formerly known as CEDAR MOUNTAIN FIRE PROTECTION DISTRICT); SUZY POLNISCH (in her individual and official capacities); FORREST BARNARD (in his individual and official capacities); and WADE HEATON (in his individual and official capacities),<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br>Case No. 4:24-cv-00079-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

　　　　This matter is before the Court on a number of Motions filed by the parties. Each Motion is discussed below.

I.  BACKGROUND

　　　　Plaintiff, through counsel, filed this action on September 19, 2024.[1] Plaintiff brings various claims related to his employment with Defendant Cedar Mount Service District. After Defendants answered, the Court entered a Scheduling Order.[2] The Scheduling Order, among

---

[1] Docket No. 1.

[2] Docket No. 26.

1

other deadlines, set an amended pleading cut-off of April 11, 2025.[3] Plaintiff's counsel was permitted to withdraw on May 30, 2025.[4] Plaintiff is now proceeding pro se.[5]

## II. DISCUSSION

A.    MOTIONS TO AMEND

Plaintiff has filed two Motions seeking to amend his Complaint.[6] Normally, such motions are governed by Federal Rule of Civil Procedure 15(a)(2)'s liberal standard, which provides that the Court should freely give leave to amend "when justice so requires."[7] However where, as here,[8] a party seeks leave to amend after a scheduling order deadline has passed, the moving party "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4); and (2) satisfaction of the Rule 15(a) standard."[9] "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts,'"[10] which means the movant "must provide an adequate explanation for any delay."[11]

Plaintiff's Motions do not address Rule 16's good cause standard, much less attempt to meet it. At the time the amendment date expired, Plaintiff was still represented by counsel and Defendants had responded to Plaintiff's discovery requests, providing the information he now

---

[3] *Id.* ¶ 4.

[4] Docket No. 31.

[5] Docket No. 68.

[6] Docket No. 36, filed July 3, 2025; Docket No. 40, filed July 18, 2025.

[7] Fed. R. Civ. P. 15(a)(2).

[8] Pursuant to the scheduling order, Docket No. 26, the last day for the parties to file motions to amend the pleadings was April 11, 2025.

[9] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n.*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[10] *Id.* (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

[11] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (internal quotation marks and citation omitted).

relies upon.[12] While Plaintiff makes the vague assertion that his proposed amendments are based on newly discovered evidence, conclusory statements that a party discovered new information after the Scheduling Order deadline for amending pleadings passed are generally insufficient to establish good cause.[13] Moreover, the bulk of Plaintiff's proposed amendments seek to advance new claims, the facts and legal framework for which were well-established prior to the amendment deadline.[14]

Based upon these circumstances, the Court cannot find that Plaintiff has shown good cause to modify the scheduling order. Without demonstrating good cause for the untimely Motion, Plaintiff's request must be denied, and the Court need not determine whether Rule 15 has been satisfied.[15] Even if the Court were to consider whether Plaintiffs' Motion satisfy the more liberal Rule 15 standard for amendment, Plaintiff's Motions still fail. Under Rule 15, "a

---

[12] *See* Docket No. 38-1.

[13] *See Butler Nat'l Serv. Corp. v. Navegante Grp., Inc.*, No. 09-2466-JWL-DJW, 2011 WL 941017, at *3 (D. Kan. Mar. 16, 2011); *Jacobs v. J. Publ'g Co.*, No. 1:21-CV-00690-MV-SCY, 2025 WL 672790, at *4 (D.N.M. Mar. 3, 2025) (denying leave to amend when movant failed to specify what new information learned in discovery would justify the proposed amendment).

[14] *Woolsey v. Marion Lab'ys, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (affirming denial of leave to amend where justification was that counsel discovered an additional cause of action); *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."); *Sipp v. Unumprovident Corp.*, 107 F. App'x 867, 877 (10th Cir. 2004) (affirming denial of amendment to include new causes of action where the causes of action were known at the time the original complaint was filed).

[15] *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [movants] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so."); *StorageCraft Tech. Corp. v. Persistent Telecom Sols., Inc.*, No. 2:14-CV-76-DAK, 2016 WL 3435189, at *8 (D. Utah June 17, 2016) ("Only after determining that good cause has been established will the Court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied.") (quoting *Carefusion 213, LLC v. Pro. Disposables, Inc.*, No. CIV-09-2626-KHV, 2010 WL 4004874, at *3–4 (D. Kan. Oct. 12, 2010)).

party may amend its pleading only with the opposing party's written consent or the court's leave."[16] "The court should freely give leave when justice so requires."[17] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[18] Here, Plaintiff has failed to provide any palpable reason under the Rule 15 standard as to why the Court should grant him leave to amend his original pleadings.

Furthermore, as discussed, Plaintiff's Motion is untimely. "It is well settled in [the Tenth Circuit] that untimeliness alone is a sufficient reason to deny leave to amend, . . . especially when the party filing the motion has no adequate explanation for the delay."[19] When a party seeking amendment "knew or should have known" of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial for undue delay.[20]

---

[16] Fed. R. Civ. P. 15(a)(2).

[17] *Id.*

[18] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[19] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (collecting cases).

[20] *See id.* at 1366; *see also Leatherwood v. Rios*, 705 F. App'x 735, 740–41 (10th Cir. 2017) (the district court did not abuse its discretion in denying plaintiff's motion to amend because plaintiff "named another DOC official in his initial and first amended complaints, demonstrating that he believed from the start that the DOC was a participant in the alleged conspiracy to deprive him of his constitutional rights"); *Woolsey*, 934 F.2d at 1462 (the court specifically noted that no new evidence that was unavailable at the original filing had come to plaintiff's attention); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").

Further, Plaintiff's proposed amendments would be futile as they fail to meet even the liberal pleading standards of Fed. R. Civ. P. 8. Plaintiff's amendments largely consist of conclusory statement that are unsupported by factual allegations. As such, the Motions to Amend are denied.

B.   MOTION TO STRIKE

Plaintiff seeks to strike Defendants' Motion for Summary Judgment.[21] Federal Rule of Civil Procedure 12(f) allows the Court to strike matters from pleadings, but Defendants' Motion is not a pleading and "there is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda."[22] Based upon this lack of authority, the Court will deny Plaintiff's request that Defendants' Motion for Summary Judgment be stricken. Instead, the Court will consider the arguments raised by Plaintiff when addressing the Motion for Summary Judgment.

C.   MOTION FOR SETTLEMENT CONFERENCE

Plaintiff requests that the Court refer this matter to a settlement conference.[23] Defendants oppose this request.[24] Whether to compel settlement is within the district court's discretion.[25] The Court "has authorization by local rule and [its] inherent authority to order mediation as a

---

[21] Docket No. 43, filed July 22, 2025. The Motion for Summary Judgment is not at issue in this Order and will be addressed separately in a Report and Recommendation.

[22] *Searcy v. Soc. Sec. Admin.*, 956 F.2d 278, at *2 (10th Cir. 1992) (unpublished table decision).

[23] Docket No. 44, filed July 22, 2025.

[24] In their opposition, Defendants rely on a local rule that has since been amended to remove the provision upon which Defendants' opposition is partially based. Docket No. 58, at 3 n.4 (citing DUCivR 16-2(c)(2)(B)). Nothing in the current local rules of practice prevent this type of case from being referred to a settlement conference.

[25] *See Pierce v. Underwood*, 487 U.S. 552, 558 n.1 (1988).

way of managing the litigation before it."[26] "Of course, a district court's inherent powers are not infinite."[27] "[I]nherent powers must be used in a way reasonably suited to the enhancement of the court's processes;" exercised in a manner that comports with applicable statutes, rules, and procedural fairness; and used "with restraint and discretion."[28] When settlement "is forced upon unwilling litigants, it stands to reason that the likelihood of settlement is diminished. Requiring parties to invest substantial amounts of time and money in mediation under such circumstances may well be inefficient."[29]

Given the procedural posture of this case, including Defendants' opposition and pending Motion for Summary Judgment, the Court finds that a settlement conference will not be beneficial at this time. Therefore, the Court denies Plaintiff's request.

D.    MOTION FOR CASE MANAGEMENT CONFERENCE

Federal Rule of Civil Procedure 16(a) permits the Court to order the attorneys and unrepresented parties to appear for scheduling conferences. Defendants request a case management conference to expedite the disposition of the action and discourage wasteful pretrial activities.[30]

For substantially the same reasons that the Court denies Plaintiff's request for a settlement conference, the Court denies Defendants' request for a scheduling conference. At this juncture, a scheduling conference does not appear to be an efficient use of the Court's and

---

[26] *United States v. Ridley's Family Mkts., Inc.*, 525 F. Supp. 3d 1355, 1357 (D. Utah. 2021); *see also In re Alt. Pipe Corp.*, 304 F.3d 135, 143 (1st Cir. 2002); DUCivR 16-2.

[27] *In re Alt. Pipe Corp.*, 304 F.3d at 143.

[28] *Id.* (internal quotation marks and citation omitted).

[29] *Ridley's Family Mkts.*, 525 F. Supp. 3d at 1357–58 (quoting *In re Alt. Pipe Corp.*, 304 F.3d at 144).

[30] Docket No. 49 (citing Fed. R. Civ. P. 16(a)(1), (3)).

parties' resources. The Court will reevaluate the need for a settlement conference, if necessary, after resolution of Defendants' Motion for Summary Judgment.

E.  MOTION FOR SUR-REPLY

Plaintiff requests the ability to file a sur-reply to Defendants' reply to their Motion for Summary Judgment, arguing that it raises new arguments. Generally, parties "should be given an opportunity to respond to new material raised for the first time" in a reply memorandum.[31] "'Material,' for purposes of this framework, includes both new evidence and new legal arguments."[32] While the Court does not necessarily agree with Plaintiff's assessment of the reply, for the sake of completeness the Court will consider Plaintiff's sur-reply,[33] along with all other submissions by the parties in addressing Defendants' Motion for Summary Judgment.

### III.  CONCLUSION

It is therefore

ORDERED Plaintiff's Motions for Leave to Amend (Docket Nos. 36 and 40) are DENIED. It is further

ORDERED that Plaintiff's Motion to Strike (Docket No. 43) is DENIED. It is further

ORDERED that Plaintiff's Motion for Settlement Conference (Docket No. 44) and Defendants' Motion for Case Management Conference (Docket No. 49) are DENIED. It is further

ORDERED that Plaintiff's Motion to File Sur-Reply (Docket No. 66) is GRANTED.

---

[31] *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

[32] *Id.* (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003)).

[33] *See* Docket No. 66-1.

DATED this 24th day of September, 2025.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge