IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| COREY TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>CEDAR MOUNTAIN SERVICE DISTRICT (formerly known as CEDAR MOUNTAIN FIRE PROTECTION DISTRICT); SUZY POLNISCH (in her individual and official capacities); FORREST BARNARD (in his individual and official capacities); and WADE HEATON (in his individual and official capacities),<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S DECISION**<br><br>Case No. 4:24-cv-00079-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

Before the Court is Plaintiff Corey Turner's Objection[1] to Judge Kohler's Order[2] denying, among other things, Plaintiff's Motions for Leave to Amend.[3] Defendants opposed Plaintiff's Motions for Leave to Amend.[4] For the reasons below, Plaintiff's Objection is overruled, Judge Kohler's Decision is affirmed, and the Motions to Amend are denied.

---

[1] ECF No. 72, filed September 30, 2025.

[2] ECF No. 71, filed September 24, 2025.

[3] ECF Nos. 36, 40.

[4] ECF Nos. 37, 47.

1

## BACKGROUND

On September 19, 2024, Plaintiff Corey Turner, through counsel, initiated this action, bringing various claims related to his employment with Defendant Cedar Mountain Service District.[5] The Court entered a Scheduling Order that set the deadline for filing a motion to amend the pleadings as April 11, 2025.[6] On May 30, 2025, Mr. Turner's counsel was approved to withdraw,[7] and Mr. Turner is now proceeding pro se.[8]

After the withdrawal of counsel, Mr. Turner filed a number of motions with the Court, including two documents fashioned as Motions to Amend Complaint.[9] Defendants opposed, arguing that Mr. Turner's request for leave to amend was untimely, made in bad faith, and futile.[10] On September 24, 2025, Judge Kohler issued an order denying the Motions to Amend.[11] The Order reasons (1) that Mr. Turner failed to establish good cause for amendment after the scheduling order deadline as Fed. R. Civ. P. 16(b)(4) requires and (2) that even were the court to

---

[5] ECF No. 1.

[6] ECF No. 26.

[7] ECF No. 31.

[8] ECF No. 68.

[9] ECF Nos. 36, 40. It is unclear whether Mr. Turner intended his second Motion to Amend Complaint to constitute an independent motion or to constitute a reply to his first Motion for Leave to File Amended Complaint, as Mr. Turner attached a reply as an exhibit to the second Motion. *See* ECF No. 40, Ex. 3. The document fashioned as the second Motion does not provide any argument or basis for amendment but appears, rather, to be Mr. Turner's proposed Amended Complaint. In any event, to the extent it can be viewed as a Motion, the second Motion fails for the same reasons as the first Motion, and the Court will consider them together.

[10] ECF No. 37; *see also* ECF No. 47.

[11] ECF No. 71. While this Order also denied several other of Mr. Turner's Motions, Mr. Turner's objection is expressly directed to the decision regarding the Motions to Amend. *See* ECF No. 72. Thus, the Court will not review the Magistrate Judge's decisions as to any of the other Motions.

consider the Fed. R. Civ. P. 15(a)(2) standard for amendment, Mr. Turner's proposed amendments were untimely and futile.

Mr. Turner filed his Objection to Magistrate Judge's Order Regarding Motion to Amend on September 30, 2025.[12] Mr. Turner argues that he was diligent in pursuing amendment, that Rule 15(a)(2)'s standard is a liberal one, and that the proposed amendments are based on newly discovered evidence.

## **STANDARD OF REVIEW**

In reviewing a Magistrate Judge's order on a non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[13] "For orders resolving dispositive matters, '[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'"[14] Whether the denial of a motion for an amended complaint is a dispositive or non-dispositive matter is undecided in the Tenth Circuit,[15] and there is some conflict among the district courts.[16] As such, the Court will use the de novo standard applicable to dispositive

---

[12] ECF No. 72.

[13] Fed. R. Civ. P. 72(a).

[14] *Bugg v. Benson*, No. 4:22-cv-00062-DN, 2024 WL 170742, at *2 (D. Utah Jan. 16, 2024) (alteration in original) (quoting Fed. R. Civ. P. 72(b)(3)).

[15] *Langworthy v. Alcon*, No. 1:24-cv-01291-MLG-KRS, 2025 WL 2409961, at *1 n.1 (D.N.M. Aug. 20, 2025) ("The Tenth Circuit has not decided in a published opinion whether a motion to amend the complaint is dispositive and declined to do so.").

[16] *Anastasion v. Credit Serv. of Logan, Inc.*, No. 2:08-cv-00180-TS, 2011 WL 1376050, at *1 (D. Utah Apr. 12, 2011) (finding motion to amend to be a nondispositive pretrial motion); *Overhead*

matters because Mr. Turner's Motions fail under both standards.[17] Pursuant to the local rules, a "district judge may overrule the objection by written order at any time."[18]

### DISCUSSION

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."[19] Thus, determining whether to allow amendment after the scheduling order deadline has passed involves a two-step inquiry.[20]

First, the court must look to "whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[21] Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[22] To establish good cause, the moving party must show that it could not have met the scheduling order deadline despite the movant's "diligent efforts."[23] "Rule 16(b)(4) is arguably more stringent than Rule 15,"[24] and district courts are afforded "wide discretion" in

---

*Sols., Inc. v. A1 Garage Door Serv., LLC*, No. 19-cv-01741-PAB-NYW, 2021 WL 3732764, at *3 (D. Colo. Aug. 24, 2021) (finding denial of motion to amend to be a dispositive matter).

[17] *See Bugg*, 2024 WL 170742, at *2 (applying de novo standard in reviewing an objection to a magistrate judge's order denying leave to amend when the plaintiff's motion failed under both standards).

[18] DUCivR 72-2(b)(2).

[19] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[20] *See Total Quality Sys., Inc. v. Universal Synaptics Corp.*, No. 1:22-cv-00167-RJS-DAO, 2025 WL 252791, at *2 (D. Utah Jan. 21, 2015).

[21] *Id*.

[22] Fed. R. Civ. P. 16(b)(4).

[23] *Gorsuch*, 771 F.3d at 1240.

[24] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018).

determining whether the movant has shown good cause.[25] While Mr. Turner is proceeding pro se, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants[,]"[26] and Mr. Turner is thus required to make a good cause showing.

"Second, if the court determines good cause has been established, it will then proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied."[27] Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[28] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[29]

Following this test, the Court finds that Mr. Turner has failed to establish good cause. Mr. Turner argues that he was diligent in pursuing amendment during the period of leave granted by the Court for the purpose of retaining counsel. However, to establish good cause, Mr. Turner must show that he could not have meet *the scheduling order deadline* despite his diligent efforts. Mr. Turner makes no mention of the deadline in either his Motions or his Objection, and he fails

---

[25] *Perez v. Denver Fire Dep't*, 724 Fed. App'x 646, 650 (10th Cir. 2018) (unpublished).

[26] *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks omitted).

[27] *Total Quality Sys., Inc.*, 2025 WL 252791, at *2 (internal quotation marks omitted).

[28] Fed. R. Civ. P. 15(a)(2).

[29] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

to offer sufficient reason for why it could not have been met. At the time of the deadline, Mr. Turner was still represented by counsel, who could have but did not move to amend.

Moreover, while it is correct that a movant may satisfy the good cause requirement if he "learns new information through discovery" after the scheduling order's deadline for amending the pleadings,[30] conclusory statements regarding newly discovered information are generally insufficient.[31] Thus, Mr. Turner's vague assertion in his Motion that his amendments are based on newly discovered evidence is insufficient, as Mr. Turner fails to specify what new information was learned. None of the evidence Mr. Turner points to in his Reply as providing basis for amendment was newly discovered—the discovery responses were served on Mr. Turner's counsel prior to the deadline for amending the pleadings.[32] In his Objection, Mr. Turner references "Exhibit S," which Mr. Turner appears to claim as newly discovered information justifying late amendment. But neither Mr. Turner's Motions nor his Reply refer to Exhibit S, and the exhibit was not attached to any of the relevant filings. Rather, it appears that Mr. Turner filed the exhibit with a Notice of Nonelectronic Filing weeks after the instant Motions were fully briefed, and this Notice does not refer to the Motions for Leave to File an Amended Complaint.[33] Thus, Mr. Turner's arguments regarding Exhibit S in the context of the Motions at issue are

---

[30] *Gorsuch*, 771 F.3d at 1240.

[31] *See Butler Nat'l Serv. Corp. v. Navegante Grp., Inc.*, No. 09-2466-JWL-DJW, 2011 WL 941017, at *3 (D. Kan. Mar. 16, 2011); *Jacobs v. J. Publ'g Co.*, No. 1:21-cv-00690-MV-SCY, 2025 WL 672790, at *4 (D.N.M. Mar. 3, 2025) (denying leave to amend when movant largely failed to specify what new information learned in discovery would justify the proposed amendment).

[32] *See* ECF No. 40, Ex. 4 at 8.

[33] ECF No. 65.

raised for the first time on Objection and are therefore waived.[34] As such, Mr. Turner has failed to direct the Court to any newly discovered information that would establish good cause for late amendment. This is further illustrated by Mr. Turner's proposed amendments, which, as the Magistrate Judge correctly noted, seek to advance new claims for which the facts and legal framework were well-established prior to the amendment deadline.[35]

Because Mr. Turner has failed to establish good cause to modify the scheduling order deadline as Rule 16 requires, it is unnecessary to evaluate the motion under Rule 15.[36] It may be noted, however, that Mr. Turner's Motions would also fail under Rule 15's more liberal standard, which requires leave be freely given in the absence of reasons such as undue delay, futility, or prejudice.[37]

Regarding undue delay, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the

---

[34] *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Even were the arguments not waived, Mr. Turner admits he knew of the existence of this information, but he simply could not locate the recording. He does not offer when he learned of the information, and he makes no mention that his counsel did not have this information such that his counsel could not have moved to amend before the deadline. This is insufficient to establish that the information was newly discovered.

[35] *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) ("Because Appellants knew of the underlying conduct but simply failed to raise their claims, they cannot establish good cause under Rule 16") (internal citation omitted)).

[36] *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [plaintiffs] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so.); *Birch*, 812 F.3d at 1249 (noting that, where the plaintiffs failed to establish good cause, there was no need to consider Rule 15).

[37] *See Foman*, 371 U.S. at 182.

passage of time."[38] The Tenth Circuit "focuses primarily on the reasons for the delay."[39] Denial may be appropriate "when the party filing the motion has no adequate explanation for the delay."[40] Here, as discussed above, Mr. Turner's amendments are untimely, and Mr. Turner has failed to offer adequate explanation for the delay. "[U]ntimeliness alone is a sufficient reason to deny leave to amend."[41]

Furthermore, Mr. Turner's proposed amendments are futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[42] To avoid dismissal, a pleading must provide "enough facts to state a claim to relief that is plausible on its face[,]"[43] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[44] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[45] Mr. Turner, with his proposed amendments, seeks to remove the bulk of the factual allegations currently presented in his operative Complaint in order to instead rely on conclusory assertions. Thus, Mr. Turner's proposed amendments fall far short of

---

[38] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (alteration in original).

[39] *Id.* at 1206.

[40] *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

[41] *Id.* at 1365.

[42] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv'rs Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

[43] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[45] *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

what is required under even a liberal construction of Fed. R. Civ. P. 8's pleading standards and would be subject to dismissal.

In sum, Mr. Turner has failed to offer any legitimate basis for the Court to allow amendment here, and the Court will decline to do so.

## **ORDER**

Based on the foregoing, the Court OVERRULES Plaintiff's Objection (ECF No. 72), AFFIRMS Judge Kohler's Decision (ECF No. 71), and DENIES the Motions to Amend (ECF Nos. 36, 40).

DATED this 24th day of October 2025.

Ann Marie McIff Allen
United States District Judge