IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| COREY TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>CEDAR MOUNTAIN SERVICE DISTRICT, et al.,<br><br>    Defendants. | ORDER ADOPTING REPORT AND RECOMMENDATION<br><br><br>Case No. 4:24-cv-0079-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

    Before the Court is a Report and Recommendation[1] issued by United States Magistrate Judge Paul Kohler, filed on November 26, 2025, which recommends the Court grant in part and deny in part Defendants' July 17 Motion for Summary Judgment and for Sanctions.[2] The parties were notified of their right to file objections to the Report and Recommendation within fourteen days of service. On December 8, 2025, Plaintiff Corey Turner filed an Objection,[3] which the Court evaluates in detail below.

## DISCUSSION

    Having reviewed all relevant materials, including the reasoning set forth in the Magistrate Judge's November 26 Report and Recommendation, the Court will overrule Mr. Turner's Objection, adopt the Magistrate Judge's November 26 Report and Recommendation, and grant in part and deny in part Defendants' July 17 Motion for Summary Judgment and for Sanctions. In

---

[1] ECF No. 74, signed on November 25, 2025.
[2] ECF No. 38, filed on July 17, 2025.
[3] ECF No. 79.

1

light of Plaintiff filing his objection, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[4] To trigger de novo review, objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[5]

In the November 26 Report and Recommendation, the Magistrate Judge recommends denying Defendants' Motion for Summary Judgment as to Mr. Turner's first through eighth claims and denying Defendants' Motion for Sanctions.[6] The Magistrate Judge also recommends granting summary judgment in Defendants' favor on Mr. Turner's ninth claim of tortious interference with economic relations levied against Defendants Heaton and Polnisch because that claim fails as a matter of law.

No objections have been raised with regard to the recommendations to deny summary judgment as to claims one through eight and to deny sanctions. However, Mr. Turner raises three objections to the Magistrate Judge's recommendation to grant summary judgment on the ninth claim. First, Mr. Turner asserts that genuine issues of material fact preclude summary judgment on this claim—according to Mr. Turner, there is a dispute over whether Defendants Heaton and Polnisch's conduct occurred (1) within the scope of their employment as board members and (2) as part of a legitimate governmental function. Second, Mr. Turner asserts that this claim should

---

[4] Fed. R. Civ. P. 72(b)(3); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.").
[5] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[6] In recommending denying the Motion for Sanctions, the Magistrate Judge states that "Defendants' request for sanctions is, at best, premature, and at worst unsupported and unjustified." ECF No. 74 at 14.

be, because he is proceeding pro se, construed as a tort of negligence. Third, Mr. Turner asserts that this claim should be dismissed without prejudice and that he should be given leave to amend his Complaint.

Mr. Turner failed to raise any of these arguments below. In his response to Defendants' Motion for Summary Judgment and for Sanctions, he states that the record demonstrates material factual disputes regarding (1) "whether Plaintiff was denied due process protections as a merit employee;" (2) "whether racial animus was a motivating factor in the termination;" (3) "whether Defendants retaliated against Plaintiff for whistleblowing activities;" and (4) "whether Defendants' proffered justifications are pretextual."[7] Nowhere in his response does he argue that Defendants Heaton and Polnisch's conduct was not within the scope of their employment or part of a governmental function. Nowhere in his response does he direct the Court to any evidence suggesting a dispute on the scope of employment and governmental function issues. Nowhere in his response does he assert that his claim for tortious interference with economic relations is, in fact, one of negligence and that he should be allowed to amend his Complaint. Indeed, Mr. Turner does not address Defendants' Utah Governmental Immunity Act ("UGIA") argument in his response at all.

Generally, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."[8] "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute . . . and gives the district court an opportunity to correct any errors

---

[7] ECF No. 41 at 2.
[8] *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996).

immediately."[9] Were the Court to allow Mr. Turner to raise new arguments at this stage, the Court would essentially be rehearing Defendants' July 17 Motion for Summary Judgment and for Sanctions in an altered form instead of reviewing the Magistrate Judge's ruling for error. "This would not advance the principles of judicial efficiency or the function of district court review of magistrate judge decisions."[10]

Even if the Court considers Mr. Turner's arguments raised for the first time on objection, they are unavailing.

1. First Objection

Mr. Turner argues that there are genuine disputes of material fact over whether Defendants Heaton and Polnisch's conduct occurred (1) within the scope of their employment as board members and (2) as part of a legitimate governmental function.

The Utah Governmental Immunity Act ("UGIA") "applies if defendants are governmental entities, employees, or agents, and the alleged tort"[11] "aris[es] out of the performance of the employee's duties, within the scope of employment, or under color of authority."[12] A "governmental entity" includes political subdivisions, and special service districts are included in the definition of "political subdivision."[13] It is undisputed that the Cedar

---

[9] *U.S. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (citation modified).
[10] *Icon Health & Fitness, Inc. v. Park City Ent., Inc.*, No. 1:10-cv-195-RJS, 2013 WL 3479681, at *2 (D. Utah July 10, 2013).
[11] *Johnson v. Uintah Sch. Dist.*, No. 2:24-cv-00238, 2025 WL 934730, at *13 (D. Utah Mar. 27, 2025).
[12] Utah Code Ann. § 63G-7-101(2)(b). "As a general rule, a court should apply the version of the act that was in effect at the time of the events giving rise to the suit." *Judkins v. Jenkins*, 996 F. Supp. 2d 1155, 1163 (D. Utah 2014). Plaintiff's Complaint alleges actions spanning from around 2019 to 2024. Where the relevant provision was not altered in those years such that it remained identical to the current version, the Court will refer to the current version of the UGIA.
[13] Utah Code Ann. § 63G-7-102(8).

Mountain Service District (the "District") is considered a "special service district" under Utah Code Ann. § 17D-1-102 and that Defendants Heaton and Polnisch were, as members of the District's administrative control board, employees of the District.

As for the "scope of employment," "[a]n employee's action is within the scope of employment under" the standard set forth in *Birkner v. Salt Lake County*, 771 P.2d 1053, 1057–58 (Utah 1989) "if it is (1) 'of the general kind the employee is employed to perform' and (2) 'motivated, at least in part, by the purpose of serving the employer's interest.'"[14] "Thus, an employee acts within the scope of employment when her acts are 'generally directed toward the accomplishment of objectives within the scope of the employee's duties and authority, or reasonably incidental thereto.'"[15] "The question is whether the worker is performing 'duties assigned by the employer, as opposed to being wholly involved in a personal endeavor.'"[16] Mr. Turner does not contend that Defendants Heaton and Polnisch's weighing in on and influencing employment decisions were not actions of the general kind the employees were employed to perform. Rather, Mr. Turner contends that Defendants Heaton and Polnisch had improper motives in attempting to influence Mr. Turner's termination. But actions need only be motivated in part by the purpose of serving the employer's interest for those actions to fall within the scope of employment—claiming that Defendants may have had some improper motives is insufficient to establish that Defendants were wholly involved in a personal endeavor. Significantly, Mr. Turner has not directed the Court to any specific evidence on this issue and has thus failed to demonstrate that a genuine dispute of material fact exists. In any event, the UGIA also applies if

---

[14] *Salo v. Tyler*, 2018 UT 7, ¶ 36, 417 P.3d 581 (quoting *Birkner*, 771 P.2d at 1057).
[15] *Id*.
[16] *Id*.

the alleged tort arises from employees' actions done "under color of authority."[17] Mr. Turner himself argues that Defendants' actions were abuses of their official positions; thus, Defendants were acting under color of authority.

Looking next to "governmental function," the UGIA provides that "each governmental entity and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function."[18] Utah courts apply a three-part test to determine whether a governmental entity is immune from suit under the UGIA: "(1) whether the activity undertaken is a governmental function; (2) whether governmental immunity was waived for the particular activity; and (3) whether there is an exception to that waiver."[19] The UGIA defines "[g]overnmental function" as "each activity, undertaking, or operation performed by a department, employee, agent, or officer of a governmental entity."[20] The Utah Supreme Court has recognized the breadth of this definition.[21] "The legislature has continued to expand the definition of 'governmental function' . . . and the statute currently defines the term as encompassing anything the government decides to do."[22] Although Mr. Turner claims the circumstances related to his termination suggest an improper motive, that does not change that his termination and the actions governmental employees took to effect this termination fall within the broad definition of governmental function.

---

[17] Utah Code Ann. § 63G-7-101(2)(b).
[18] *Id*. § 63G-7-201(1).
[19] *Van De Grift v. State*, 2013 UT 11, ¶ 8, 200 P.3d 1045 (Utah 2013).
[20] Utah Code Ann. § 63G-7-102(5)(b).
[21] *See Scott v. Universal Sales, Inc.*, 2015 UT 64, ¶ 58, 356 P.3d 1172.
[22] *Id*.

In sum, Mr. Turner has failed to establish the existence of any genuine disputes of material fact regarding whether Defendant Heaton and Polnisch's conduct occurred within the scope of their employment and as part of a governmental function. The conduct thus falls within the scope of the UGIA. This objection is overruled.

2. Second Objection

Mr. Turner's second objection relates to whether his tortious interference with economic relations claim is an intentional tort or a negligent tort.

Because the initial prong of the governmental immunity test—whether the activity undertaken is a governmental function—has been met, the Court turns to whether the UGIA waives immunity for Mr. Turner's tortious interference with economic relations claim. "There are no provisions in the [UGIA] waiving immunity for intentional torts."[23] With relation to this claim, Mr. Turner alleges that Defendant "Heaton told Polnisch that he was displeased with Turner"[24] and that Defendant "Polnisch agreed to pressure Chief Rieffer to terminate Turner."[25] Mr. Turner further alleges that Defendants Heaton and Polnisch "remained determined to terminate Mr. Turner."[26] These allegations denote intentional conduct, and thus this is a claim for intentional interference with economic relations, an intentional tort for which the UGIA does not waive immunity.[27]

---

[23] *Miller v. Utah*, 638 F. App'x 707, 715 (10th Cir. 2016) (unpublished).
[24] ECF No. 1 ¶ 300.
[25] *Id.* ¶ 301.
[26] *Id.* ¶ 304.
[27] *Pingree v. Univ. of Utah*, No. 2:20-cv-00724-JNP-CMR, 2022 WL 1307902, at *5 (D. Utah May 2, 2022) ("To the extent Pingree alleges intentional interference with business relations, the UGIA contains no waiver of immunity for intentional torts.").

Mr. Turner, however, argues that "intentional interference with economic relations" is merely a label and that the Court should, since Mr. Turner is proceeding pro se, construe his claim as one of negligence. This is unpersuasive for several reasons. First, nothing in the allegations regarding this claim suggests negligence. Second, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[28] Mr. Turner has alleged an intentional tort, and the Court is not at liberty to transform that claim into a tort of negligence simply because Mr. Turner is a pro se litigant and doing so may hypothetically be to his benefit. The Court thus overrules this objection.

3. Third Objection

Mr. Turner next urges the Court to dismiss this claim without prejudice and grant him leave to amend his Complaint. But this case is not at the motion to dismiss stage. Rather, Defendants filed a Motion for Summary Judgment, and this claim fails as a matter of law because Defendants Heaton and Polnisch are entitled to immunity under the UGIA. Again, the Court is not allowed to assume to role of advocate for the pro se litigant and cannot dismiss a claim without prejudice where summary judgment is appropriate simply because it may benefit Mr. Turner. Furthermore, Mr. Turner's request to amend his Complaint to add related claims is not well taken here, in an Objection to the Magistrate Judge's Report and Recommendation. A motion for leave to amend is not before the Court. This objection is overruled.

## ORDER

Based on the foregoing, the Court OVERRULES Plaintiff's Objection (ECF No. 79), ADOPTS the Magistrate Judge's November 26 Report and Recommendation (ECF No. 74), and

---

[28] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

DENIES IN PART AND GRANTS IN PART Defendants' July 17 Motion for Summary Judgment and for Sanctions (ECF No. 38).

DATED this 27th day of January 2026.

Ann Marie McIff Allen
United States District Judge